UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARLA BYRNE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1239-RLY-TAB |
| | ) | |
| AMERICAN NATIONAL RED CROSS, | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Before the court is the motion to dismiss filed by the Defendant herein, the American National Red Cross ("Red Cross"). For the reasons explained below, its motion is **DENIED**.

**I.     Plaintiff's Allegations**

Plaintiff alleges that on August 17, 2004, she went to the Red Cross office located in Bloomington, Indiana, to donate blood. (Complaint ¶ 4). Plaintiff alleges that prior to giving blood, a Red Cross employee performed a "pin prick test" to her finger to determine if she was eligible to donate blood. (*Id.* ¶ 5). Plaintiff alleges that due to the Red Cross employee's failure to use ordinary care in the administration of the pin prick test, Plaintiff developed osteomyelitis in her finger which required extensive medical treatment. (*Id.* ¶ 7).

On August 4, 2006, Plaintiff filed suit in the Monroe Circuit Court alleging negligence and negligence premised upon the doctrine of res ipsa loquitur. On August

16, 2006, the Red Cross removed the action to this court based upon 36 U.S.C. § 300105(a)(5), a provision of the Red Cross' charter which has been interpreted by the Supreme Court as conferring original jurisdiction to the federal courts in cases involving the Red Cross.

The Red Cross now moves to dismiss Plaintiff's negligence claim based upon the doctrine of res ipsa loquitur.

## II.     Dismissal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit.  *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000).  The court will dismiss a complaint for failure to state a claim if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    Discussion

The Indiana Appellate Court summarized the doctrine of res ipsa loquitur as follows:

> The doctrine literally means "the thing speaks for itself."  Res ipsa loquitur is a rule of evidence which *permits an inference of negligence to be drawn based upon the surrounding facts and circumstances of the injury.*  The doctrine operates on the premise that negligence, like any other fact or condition, may be proved by circumstantial evidence.  To create an inference of negligence, the plaintiff must establish: (1) that the injuring instrumentality was within the exclusive management and control of the

> defendant or its servants, and (2) that the accident is of the type that does not ordinarily happen if those who have the management and control exercise proper care. In determining if the doctrine is applicable, *the question is whether the incident more probably resulted from defendant's negligence as opposed to another cause.* A plaintiff may rely upon common sense and experience or expert testimony to prove that the incident more probably resulted from negligence. To invoke res ipsa loquitur, the plaintiff must demonstrate that the defendant had exclusive control of the injuring instrumentality at the time of injury.

*Balfour v. Kimberly Home Health* Care, Inc., 830 N.E.2d 145, 148-49 (Ind. Ct. App. 2005) (quoting Rector *v. Oliver*, 809 N.E.2d 887, 889-90 (Ind. Ct. App. 2004) (emphasis in original)).

The Red Cross contends that "the mere occurrence of an infection after an invasive medical procedure does not support a *res ipsa loquitur* theory." (Defendant's motion at 4). The cases which the Red Cross cites from Indiana – *Stanley v. Fisher*, 417 N.E.2d 932 (Ind. Ct. App. 1981) and *Carpenter v. Campbell*, 271 N.E.2d (Ind. Ct. App. 1971) – were medical malpractice cases in which the court heard expert testimony from doctors who stated that in their professional opinion, the infection at issue could have occurred absent negligence on the part of the defendant physician. The issue on appeal was whether the doctrine applied, and in both cases, the Court held that it did not, as the expert testimony provided evidence that the injuries at issue could have occurred in the absence of negligence on the part of the defendants.

In this case, the Red Cross asks this court to treat this case as a medical malpractice case and to dismiss Plaintiff's negligence claim without the aid of any

3

testimony at all. To grant its request would be error, as there are a set of facts which could show that Plaintiff's osteomylelitis "more probably resulted from defendant's negligence as opposed to another cause." Accordingly, the court **DENIES** the Red Cross' Motion to Dismiss (Docket # 10).

**SO ORDERED** this  7th   day of December 2006.

                                                                        _____
                                                                        RICHARD L. YOUNG, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Electronic Copies to:

Gabriel Adam Hawkins
PRICE WAICUKAUSKI & RILEY
ghawkins@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com